## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MVT SERVICES, LLC,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CARDENAL EXPRESS, S.A. DE C.V.,<br>*et al.*,<br><br>                    Defendants. | No. 14-CV-282-MV-GBW |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Federal-Mogul Corporation's

("Federal-Mogul") Motion to Dismiss Plaintiff's Amended Complaint [Doc. 21] and

Subensambles Internacionales S.A. de C.V.'s ("F-M Mexico") Motion to Dismiss Plaintiff's

Amended Complaint [Doc. 29].  The Court, having considered the Motions, briefs, relevant law,

and being otherwise fully-informed, finds that the Defendants' Motions are not well-taken and

will be **DENIED**.

## BACKGROUND

This suit centers on a contract pursuant to which Plaintiff MVT Services, LLC ("MVT")

provided trailers to Defendant Cardenal Express, S.A. de C.V. ("Cardenal").  Evidently, some

twenty-three (23) of these trailers have gone missing.  MVT brought suit in New Mexico state

court on January 31, 2014 to recover for this loss.  *See generally* Doc. 12-1.  On March 24, 2014,

the Defendants removed the action to this Court, claiming diversity jurisdiction.  *See generally*

Doc. 1.  Defendant Federal-Mogul promptly filed a motion to dismiss, which was withdrawn

when MVT submitted its First Amended Complaint.  *See generally* Docs. 7, 15, 22.  Defendants

Federal-Mogul and F-M Mexico now move this Court to dismiss the First Amended Complaint;

Plaintiff responded both on the merits and by requesting leave to amend the First Amended

Complaint.

## DISCUSSION

**I.    Motion to Dismiss for Failure to State a Claim**

When evaluating a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6),

this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a

plausible claim for relief."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230,

1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  At this early

stage, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the

parties might present at trial" but to determine whether the pleadings "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Brokers'*

*Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014)

(internal quotation marks and citations omitted).  Hence, while a "complaint need not set forth

detailed factual allegations" it cannot rely solely on "labels and conclusions or a formulaic

recitation of the elements of a cause of action."  *Tapia v. City of Albuquerque*, 10 F. Supp. 3d

1207, 1247 (D.N.M. 2014).  Even so, where this Court believes that potential defects in a

complaint may be remedied, it will grant leave to amend, rather than dismissing the claim.  *See*

*e.g.*, *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n.14 (3d Cir. 2010) ("if a

complaint is vulnerable to [Federal Rule of Civil Procedure] 12(b)(6) dismissal, a district court

must permit a curative amendment, unless an amendment would be inequitable or futile.  That

rule applies even if the plaintiff does not seek leave to amend.") (internal quotation marks and

citations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) ("[W]e have repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.") (internal quotation marks omitted).

## II.     Defendants' Motions

The thrust of the Defendants' Motions is easily understood.  Both Motions urge that, irrespective of whatever causes of action may lie against Cardenal, Plaintiff has not adequately alleged facts that would plausibly connect either Federal-Mogul or F-M Mexico to the alleged misconduct at issue.  *See, e.g.*, Doc. 21 at 5-6; Doc. 29 at 5.  In response, Plaintiff MVT relies heavily on "admissions made by Cardenal Express in its Answer" to supplement the meager allegations in the First Amended Complaint.  Doc. 23 ¶ 4.  However, "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."  *In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011) (internal quotation marks omitted); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("Furthermore, it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (internal quotation marks omitted); *Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14–cv–00314–RM–BNB, 2015 WL 507647, at *5 (D. Colo. Feb. 3, 2015) ("Plaintiff, however, cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss.").

It appears that information furnished in Cardenal's Answer will aid MVT in clarifying its pleading and may work to resolve some of the disputes presented in the briefs.  Thus, rather than embroiling itself prematurely in parsing allegations that have since been substantiated by Cardenal's Answer, the Court will grant MVT leave to amend its First Amended Complaint in

the expectation that the Second Amended Complaint will substantially narrow the scope of any future Motion to Dismiss.

## CONCLUSION

In the interest of ensuring that any potential motion to dismiss is decided on the basis of a pleading that incorporates the full breadth of information presently available to the Plaintiff, the Court will deny the instant Motions and permit MVT an opportunity to amend its First Amended Complaint.

**IT IS THEREFORE ORDERED** that Defendant Federal-Mogul Corporation's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 21] and Subensambles Internacionales S.A. de C.V.'s Motion to Dismiss Plaintiff's Amended Complaint [Doc. 29] are both **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff MVT has leave to file an amended complaint within 30 days from entry of this Order.

Dated this 29th day of June, 2015.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE